UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRY GEORGE ZIMMERMAN,

      Petitioner,

v.                                                      Case Nos.   5:23-cv-581-JA-PRL
                                                                   5:19-cr-88-JA-PRL

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

    This cause is before the Court on the Motion to Vacate, Set Aside, or Correct
Sentence (Doc. 1) (the "Motion to Vacate") filed by Petitioner, Terry G. Zimmerman,
under 28 U.S.C. § 2255. Zimmerman also filed a Memorandum & Points of Law
(Doc. 6) in support of the Motion to Vacate. The Government filed a Response in
Opposition to the Motion to Vacate (Doc. 12) (the "Response") in compliance with
this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the
United States District Courts*. Petitioner replied (Doc. 16) and submitted an Affidavit of
Joan Wszalek Grieder (Doc. 15). For the reasons set forth herein, the Motion to Vacate
is denied.

## I.    Procedural Background

A grand jury indicted Zimmerman on a single count of possession of child pornography, specifically identifying materials contained on "a Sandisk USB flash drive," in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (Criminal Case Doc. 15).[1] Zimmerman was offered a plea agreement, under which he would have pleaded guilty to the charge and acknowledged the applicability of a ten-year minimum sentence based on his prior conviction for possession of child pornography. *See* Criminal Case Doc. 156 at 2. In exchange, the United States agreed to recommend a three-level reduction in Zimmerman's offense level for acceptance of responsibility but made no other concessions with respect to Zimmerman's sentence. (Doc. 12-1 at 1–26). Zimmerman declined the plea offer. *See* Criminal Case Doc. 162 at 6. The grand jury later returned a superseding indictment, again charging the same single count but putting Zimmerman on notice of additional materials containing child pornography that also would be used at trial. (Criminal Case Doc. 31).

A jury found Zimmerman guilty. (Criminal Case Doc. 97). Zimmerman appealed and argued that the Court erred when it admitted the judgment of his prior child-pornography conviction and that it violated his First Amendment rights by prohibiting him from accessing the internet during his supervised release without prior written approval of his probation officer. (Doc. 12-2 at 1–58). The United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence. *United States*

---

[1] Criminal Case No. 5:19-cr-88-JA-PRL will be referred to as "Criminal Case."

*v. Zimmerman*, No. 21-11520, 2022 WL 7232992 (11th Cir. Oct. 13, 2022). The appellate court held that Zimmerman's prior conviction was admissible under Federal Rule of Evidence 414 because "it could help the jury determine Zimmerman's intent and the nature of his interest or lack thereof in child pornography" and "it made it more likely that he knowingly possessed the devices containing child pornography and less likely he was unaware of the child pornography or that someone else had put it there." *Zimmerman*, 2022 WL 7232992, at *1–2.

## II.    Legal Standards

### A. Standard for Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689. In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have

3

pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### III.    Analysis

#### A. Claim One

Zimmerman alleges his counsel was ineffective by failing to subpoena the accuser, M.W., so that Zimmerman could confront him at the trial. (Doc. 1 at 4–5; Doc. 6 at 2–3). He claims that the case came about due to allegations by M.W. "first that he was sexually assaulted and [then] after that failed due to a lack of evidence, . . . [that] he was shown child pornography." (Doc. 6 at 2). Zimmerman claims that M.W. made these "false" allegations after Zimmerman kicked M.W. out of his house due to M.W.'s substance abuse and "haughty disrespect." *Id.* at 2; Doc. 1 at 31–34.

"[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002) (quoting *Chandler v. United States*, 218 F.3d 1305, 1318 (11th Cir. 2000) (en banc)). "The decision whether to present a line of defense, or even to investigate it, 'is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable.'" *Id.* (quoting *Chandler*, 218 F.3d at 1318); *see also Rogers v. Zant*, 13 F.3d

384, 386 (11th Cir. 1994) (noting that "a decision not to investigate a potential defense, like other litigation decisions, need only be reasonable to fall within the range of professionally competent assistance").

Zimmerman's lawyers state that declining to call M.W. as a witness was an intentional trial strategy. *See* Doc. 12-7 at 2; Doc. 12-8 at 2. Counsel believed it would be more successful to blame M.W. for planting the contraband in question without M.W. being present to rebut the claims. Counsel explained this strategy to Zimmerman before trial. (Doc. 12-7 at 2). Moreover, the evidence presented at trial was derived from Zimmerman's computers and other devices and from his statements during the execution of a search warrant—not from any accusation by M.W. Pursuant to the search warrant, three computers and nineteen flash drives were seized, containing a total of 2,395 images and 309 videos depicting child pornography.[2] (Criminal Case Doc. 130 at 91).

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim one is denied.

### B. Claim Two

Zimmerman claims his counsel was ineffective for failing to challenge the search warrant. (Doc. 1 at 5–6; Doc. 6 at 3–5). He alleges that the warrant was overbroad, stereotyped, and based on false allegations by M.W. He claims that

---

[2] Of the three computers, one had been wiped of data, and the other two contained child pornography. (Criminal Case Doc. 130 at 89, 91). Of the nineteen flash drives, twelve contained child pornography. *Id.* at 91.

because M.W.'s allegations of sexual assault were false and those statements were necessary for probable cause, his Fourth Amendment rights were violated and the results of the search should have been suppressed. (Doc. 6 at 3). He further claims the warrant lacked particularity and was invalid. *Id.* at 4. As a result of this overbroad warrant, says Zimmerman, the detectives were allowed to rummage through his house.

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause requires 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. McCall*, 84 F.4th 1317, 1324 (11th Cir. 2023) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The standard for probable cause "is a 'practical, nontechnical conception' based on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Id.* (quoting *Gates*, 462 U.S. at 231). The Court looks "only to the face of the affidavit to determine whether it lacked sufficient indicia of probable cause." *Id.* at 1325. "To exclude evidence on this ground, the affidavit must be so clearly insufficient 'that it provided "no hint" as to why police believed they would find incriminating evidence.'" *Id.* (quoting *United States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021)).

A magistrate judge may rely on a reasonably specific affidavit describing the content of alleged child pornography in issuing a warrant. *See United States v. Smith*,

6

459 F.3d 1276, 1291 n.15 (11th Cir. 2006); *see also United States v. Lowe*, 516 F.3d 580, 586 (7th Cir. 2008). Here, the magistrate judge was informed that Zimmerman is a registered sex offender and had shown M.W. images of young children with "nothing on, naked with a hard on or with an excited penis." (Doc. 12-5 at 5). The affiant stated that based on his experience investigating child exploitation and child pornography cases, collectors of child pornography are known to maintain computers used for distributing, uploading, viewing, and possessing child pornography. *Id.* at 5–10. The magistrate judge was correct in finding probable cause to search Zimmerman's residence, including his electronic devices. Accordingly, even if some of M.W.'s allegations regarding sexual battery were false, they were not necessary to the finding of probable cause that Zimmerman had child pornography. Moreover, the search warrant only sought the seizure of property related to child pornography. (Doc. 12-5 at 11–14).

Further, the search warrant set forth a detailed list of items to be seized. *See* Doc. 12-5 at 12–13. Additionally, because "child pornography images may be stored anywhere on a computer or digital device, the search warrant in this case was 'as specific as the circumstances and nature of activity under investigation [would] permit.'" *United States v. Brooks*, 648 F. App'x 791, 793 (11th Cir. 2016) (alteration in original) (quoting *United States v. Wuagneux*, 683 F.2d 1343, 1349 (11th Cir. 1982)).

Finally, Zimmerman's lawyers stated that the search warrant permitted a search for electronic items and other related materials that could contain evidence of child pornography. (Doc. 12-7 at 2; Doc. 12-8 at 2). They did not believe there was a legal

basis to challenge the scope of the search warrant. *Id.*

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim two is denied.

### C. Claim Three

Zimmerman alleges his counsel was ineffective for failing to file a motion in limine challenging the admissibility of his prior conviction for possession of child pornography. (Doc. 1 at 7–8; Doc. 6 at 5). On appeal, Zimmerman argued that the "district court abused its discretion by admitting [his] prior conviction." (Doc. 12-2 at 26–43). The Eleventh Circuit found that "the court did not abuse its discretion by admitting Zimmerman's prior conviction for possession of child pornography without conducting a multi-factor balancing test or by insufficiently explaining its ruling." (Criminal Case Doc. 171 at 6).[3] This claim is refuted by the record and is denied.

Zimmerman further claims that counsel failed to move to suppress his "audio statements made during the search concerning prior conviction." (Doc. 1 at 7). He claims that the statements should have been excluded because he was not read his "rights" and he didn't know he was being recorded. (Doc. 6 at 5).

The United States Supreme Court explained in *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980), that *Miranda* safeguards are triggered "whenever a person in custody is subjected to either express questioning or its functional equivalent." "The

---

[3]In his Reply Brief, Zimmerman argued that he preserved his claim of error for appeal and that the appellate court should review the district court's evidentiary ruling for abuse of discretion. (Doc. 12-4 at 8). Unpreserved issues are reviewed for plain error. *United States v. Bobal*, 981 F.3d 971, 975 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2742 (2021).

right to *Miranda* warnings attaches when custodial interrogation begins." *United States v. Crews*, Case No. 3:13-cr-230-J-34MCR, 2014 WL 5690448, at *5 (M.D. Fla. Nov. 4, 2014) (citing *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004)). Even assuming that Zimmerman was in custody while the search warrant was being executed, he was not subjected to interrogation at that juncture, so *Miranda* warnings were not required. Rather, Zimmerman's remarks were spontaneously made without interrogation or its functional equivalent. *See* Criminal Case Doc. 130 at 11–12, 16–17, 39, 63–64, 72–73. Because there is no basis for suppressing Zimmerman's statements, counsel cannot have been ineffective for failing to move to suppress them.[4]

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim three is denied.

### D. Claim Four

Zimmerman alleges his counsel was ineffective for advising him to reject the plea offer and proceed to trial. (Doc. 1 at 8–9; Doc. 6 at 6–7). He states counsel advised him that a ten-year sentence would be a life sentence for a 72-year-old and urged him to go to trial. (Doc. 1 at 8). And counsel allegedly failed to discuss or advise Zimmerman of all of the consequences of going to trial, including the government's success rate and the length of sentence he faced. *Id*. He claims had he been fully

---

[4] An attorney is not ineffective for failing to raise arguments that he reasonably determines to be without merit. *See, e.g., Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) ("[C]ounsel need not pursue constitutional claims which he reasonably believes to be of questionable merit."); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these issues because they clearly lack merit.").

informed, he "might have taken the plea." *Id.*

Zimmerman has not established prejudice resulting from counsel's allegedly deficient advice. Prejudice requires a showing that, but for his counsel's errors, Zimmerman would have pleaded guilty and not insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Therefore, Zimmerman is required to allege that he would have accepted a guilty plea and would not have insisted on going to trial but for his counsel's alleged deficient advice regarding the consequences of going to trial. *See Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015) (citing *Hill*, 474 U.S. at 59). Here, Zimmerman does not allege that he would have accepted a plea of guilty. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (evidence of a defendant's willingness to enter into a plea agreement, without proof that the defendant would have actually accepted a plea offer, was insufficient to establish that he was prejudiced by his counsel's alleged deficient performance). Zimmerman merely states he "might have taken the plea." (Doc. 1 at 8). Thus, because Zimmerman did not allege that he would have accepted a guilty plea and abstained from proceeding to trial but for the alleged errors of his trial counsel, Zimmerman has failed to show that the alleged errors prejudiced him. *See Hill*, 474 U.S. at 59; *Coulter*, 60 F.3d at 1504.

Further, the United States and Zimmerman's counsel state that there never was a ten-year plea offer. *See* Doc. 12 at 25; Doc. 12-7 at 3; Doc. 12-8 at 3. Both of Zimmerman's attorneys state that they advised him to enter a plea but that Zimmerman never expressed any desire to enter a plea. *See* Doc. 12-7 at 3; Doc. 12-8 at 3.

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim four is denied.

### E. Claim Five

Zimmerman claims that counsel was ineffective for failing to object to the prosecutor's "gross negligence" during the closing arguments. (Doc. 1 at 10–11; Doc. 6 at 7–8). He alleges that the closing arguments "critically prejudiced the defendant by distorting the facts, making inflammatory remarks, calling legal images of young men 'boys' misrepresenting evidence to the jury, gay lifestyle bashing, and dropping the word 'knowingly' in description of the element of the crime (knowingly possessed) in the opening statement to the jury." (Doc. 6 at 7). His counsel failed to object to any of these statements.

To show prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) the remarks prejudicially affected his substantial rights. *United States v. Sosa*, 777 F.3d 1279, 1294 (11th Cir. 2015). A prosecutor's closing remarks can be improper if they materially misstate the facts shown by the evidence. *See United States v. Hands*, 184 F.3d 1322, 1333 (11th Cir. 1999) ("It is a fundamental tenet of the law that attorneys may not make material misstatements of fact in summation." (quoting *Davis v. Zant*, 36 F.3d 1538, 1548 n.15 (11th Cir. 1994)). A defendant's substantial rights are prejudicially affected when there is a reasonable probability that, absent the remarks, the outcome of the trial would have been different. *Id.* The prosecutor's comments during closing argument must be viewed in the context of the trial as a whole. *United States v. Reeves*, 742 F.3d 487, 505

11

(11th Cir. 2014). Though the prosecutor may not exceed the evidence presented at trial in closing arguments, he may state conclusions drawn from the evidence. *Id.*; *see also United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984) (noting that a prosecutor is not limited to bare recitation of the facts and may comment on the evidence and "state his contention as to the conclusions the jury should draw from the evidence"). The prosecutor is also entitled to make a fair response to defense counsel's arguments, and issues raised by the defendant in his closing argument are fair game for the prosecution on rebuttal. *Reeves*, 742 F.3d at 505.

Here, the statements from the prosecutor were accurate and responsive to Zimmerman's defense that someone else had set him up and downloaded the child pornography onto multiple devices and that Zimmerman did not know that the images and videos were there. That the prosecutor omitted the word "knowingly" when describing the elements of the crime[5] did not prejudicially affect Zimmerman's substantial rights. Immediately preceding that statement, the prosecutor noted that the judge would instruct the jury on the law. (Criminal Case Doc. 131 at 29). Further, during the defense's closing arguments, counsel specified that "the only element we are arguing is that Mr. Zimmerman did not knowingly possess any of those images that were found on the computers or the flash drives" because the government had shown no evidence that Mr. Zimmerman owned or touched the devices containing child pornography, while houseguests had access to the home and its digital media.

---

[5] *See* Criminal Case Doc. 131 at 29 ("The Government has to prove that the defendant possessed a matter or device that contained a visual depiction.").

*Id.* at 50–51. A slight misstatement of the law by a prosecutor can be rendered harmless by the court's proper instructions to the jury. *United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983), *on reh'g*, 736 F.2d 1480 (11th Cir. 1984).

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim five is denied.

### F. Claim Six

Zimmerman claims his counsel's defense strategy was inept and deficient. (Doc. 1 at 11–12; Doc. 6 at 8–10). He states that counsel chose to focus only on M.W. and ignored Zimmerman's contention that any number of his many houseguests could have downloaded the child pornography. (Doc. 1 at 11). Zimmerman further claims counsel was ineffective for urging him not to testify and not calling any witnesses that "could have verified that many young men stayed in the house and had full access" to his computer and flash drives. *Id.*

The decision whether to present a line of defense or even to investigate it is a matter of strategy and is not ineffective assistance unless the petitioner can prove that the chosen course, in itself, was unreasonable. *Hardwick v. Crosby*, 320 F.3d 1127, 1162 n.146 (11th Cir. 2003). We apply a "strong presumption" that counsel's performance was reasonable and that all significant decisions were made in the exercise of reasonable professional judgment. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Further, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012). "The mere fact

13

that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." *Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (quoting *Foster v. Dugger*, 823 F.2d 402, 406 (11th Cir. 1987)).

To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The failure to call an exculpatory witness is more likely to be prejudicial when the conviction is based on little evidence of guilt. *Fortenberry v. Haley*, 297 F.3d 1213, 1228–29 (11th Cir. 2002). Here, the potential witness would not have provided exculpatory evidence but merely cumulative testimony. The fact "that many young men stayed in the house and had full access" to Zimmerman's devices was presented through Zimmerman's own statement that M.W. and Michael Difiore both had lived with him. (Criminal Case Doc. 130 at 40–41). Defense counsel also called Joan Grieder, who testified that since 2011, Zimmerman had other men living with him, including M.W., Difiore, and Robert Hug, and that M.W. had been "annoyed" and "made a threat" when he left. *See* Criminal Case Doc. 130 at 213–32; Criminal Case Doc. 131 at 13, 20, 23. Additionally, prosecution witnesses testified that anyone with access to Zimmerman's devices could have downloaded or accessed the images and videos at issue. (Doc. 130 at 196–97, 203, 205, 207). Zimmerman has failed to establish prejudice.

A defendant's right to testify at a criminal trial is a fundamental and personal right that cannot be waived by defense counsel. *See United States v. Teague*, 953 F.2d

14

1525, 1532 (11th Cir. 1992) (en banc). In *Teague*, the Eleventh Circuit held that it is defense counsel's responsibility to advise the defendant of this right and the strategic implications and "that the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance [under *Strickland*]." *Id.* at 1534. *Teague* reasoned that an attorney's performance would be deficient under the first prong of the *Strickland* test if counsel refused to accept the defendant's decision to testify and would not call him to the stand or, alternatively, if defense counsel never informed the defendant of the right to testify and that the ultimate decision belonged to the defendant. *Id.* In *Teague*, the defendant's ineffective assistance of counsel claim was rejected because the trial court found that counsel had advised the defendant of his right to testify and had advised him he should not exercise that right, and the defendant did not protest. *Id.* at 1535.

After the United States' case-in-chief, the Court conducted a colloquy with Zimmerman about his right to testify. (Criminal Case Doc. 130 at 238–39). It is apparent that Zimmerman was well aware of his right to testify, that he and counsel discussed it, that he acknowledged it was his decision not to testify and no one forced him to not testify, and that he made no protest of counsel's alleged advice not to testify. *Id.* Thus, counsel's performance was not constitutionally deficient.

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim six is denied.

### G. Claim Seven

Zimmerman claims that counsel was ineffective by failing to provide adequate

15

assistance at sentencing. (Doc. 1 at 13–14; Doc. 6 at 11–12). He alleges counsel failed to provide and discuss the Presentence Investigation Report ("PSR") with him, to proffer an affirmative defense, and to challenge: the terms of his supervised release; enhancements for his prior conviction and use of a computer; restitution; the length of his sentence; and the need for sex offender treatment. (Doc. 1 at 13, 27; Doc. 6 at 11–13). Zimmerman also faults counsel for failing to request a continuance when Zimmerman had an anxiety attack, Doc. 1 at 27; Doc. 6 at 11, and for failing to object to the United States' characterization of him as a pedophile and to its reference to his 1995 case, Doc. 1 at 27–28; Doc. 6 at 12.

Some of these claims can be refuted by the record. First, Zimmerman affirmed that he had the opportunity to read and discuss the PSR with his attorneys, and he presented his objections to the content of the report. (Criminal Case Doc. 134 at 5–10). Counsel further stated, "Prior to sentencing, I met with Petitioner to go over his PSR. I drafted and filed a sentencing memorandum on Petitioner's behalf prior to the sentencing." (Doc. 12-8 at 4). Next, Zimmerman affirmed that he was thinking clearly and exercising his best judgment at the beginning of the hearing. (Criminal Case Doc. 134 at 3–4). Zimmerman was advised to let the Court know if he needed additional time to regain his composure if his anxiety affected him. *Id.* at 4. At no point during the hearing did Zimmerman claim that he was having an anxiety attack or needed time to compose himself. *See id.* at 4–31. Counsel did not recall Zimmerman having an anxiety attack or asking him to move for a continuance. (Doc. 12-8 at 4).

Zimmerman's remaining grounds fail to establish either deficient performance

16

or prejudice. In 1995, Zimmerman pleaded guilty, in federal court, to possessing three or more magazines or videocassette tapes containing depictions of minors engaged in sexually explicit conduct. (Doc. 109 at 11–13). By pleading guilty in that case, Zimmerman necessarily admitted the crimes he pleaded guilty to. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *United States v. Saac*, 632 F.3d 1203, 1209 (11th Cir. 2011) (guilty plea establishes factual guilt, serving as an admission of all the elements of the criminal charge). Petitioner's unsupported claim that he "adamantly denies" those allegations is inconsistent with the facts as admitted by his guilty plea. *See* Doc. 6 at 12. The government's use of that conviction to enhance his current sentence was not improper and did not "violat[e]" his plea agreement, and thus any objection would have been meritless.

Similarly, any challenge to the sentence enhancements or the length or term of supervised release would have failed. Each of the guideline offense level enhancements under USSG §§ 2G2.2(b)(2), 2G2.2(b)(4)(A), 2G2.2(b)(5), 2G2.2(b)(6), and 2G2.2(b)(7)(D) were either supported by the evidence presented at trial or were set forth in the 1995 case. *See* Criminal Case Doc. 109 at 11–13. The restitution findings were mandatory, and any objection would have been meritless. *See* 18 U.S.C. §§ 2259(c)(3), 2259(b)(2). The supervised release term was mandatory under 18 U.S.C. § 3583(k). Finally, Zimmerman fails to identify what affirmative defense counsel should have presented.

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim seven is denied.

### H. Claim Eight

Zimmerman states his counsel was ineffective for failing to obtain and provide him copies of the evidence the prosecution was using against him. (Doc. 1 at 14–15, Doc. 6 at 13). Zimmerman claims that he was never shown the contents of the flash drives or the computer files. (Doc. 6 at 13). He alleges that "[t]here is great subjectiveness in determining the age of the subject, as well as if the image is simple nudity, erotica, (not illegal) or pornography." *Id.* Zimmerman claims that without access to the evidence, he was unable to defend himself by challenging the source or who was responsible for downloading the images and videos. *Id.*

Under 18 U.S.C. § 3509(m), the reproduction of child pornography is prohibited:

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m)(1)–(2). Further, child pornography is contraband. *See United States v. Williams*, 553 U.S. 285, 297 (2008).

During the motion-in-limine hearing, counsel noted that they had been out to the facility to view the evidence. (Doc. 129 at 123). Additionally, in their affidavits, they state that they met with Homeland Security Agents, on separate occasions, at their secure facility in Orange County to view the images and videos on Zimmerman's behalf. (Doc. 12-7 at 4; Doc. 12-8 at 5). It was not possible to copy the images to provide to Zimmerman.[6] *Id.*

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim eight is denied.

## I. Claim Nine

Zimmerman claims that his lawyers were ineffective for failing to challenge the federal jurisdiction in this case. (Doc. 1 at 16–17; Doc. 6 at 14–16). He states that because he was originally arrested and charged under Florida law, he hired attorneys based on "their record with state prosecution." (Doc. 1 at 16). He claims he would have received a much lighter sentence if he was convicted in state court compared to federal court. *Id.*

It is within Congress's authority to regulate all intrastate possession of child pornography, not just that which has traveled in interstate commerce or has been produced using materials that have traveled in interstate commerce. *See United States v. Culver*, 598 F.3d 740, 747 (11th Cir. 2010) (citing *United States v. Maxwell*, 446 F.3d

---

[6] The evidence established that Zimmerman's devices contained "2,395 images and 309 video files totaling 2,704 unique, not including duplicative, image and video files . . . depicting child pornography" and those numbers excluded "child erotica" and "age difficult" images. (Criminal Case Doc. 130 at 91–96, 214–15).

1210 (11th Cir. 2006)). Therefore, jurisdiction was proper in the federal courts. A jurisdictional challenge would have been meritless.

Zimmerman has not shown that counsel acted deficiently with regard to this issue or that he sustained prejudice. As a result, claim nine is denied.

### J. Claim Ten

Zimmerman claims that the cumulative effect of the "errors enumerated in grounds one through nine, while each has significant merit on its own, together form a convincing argument for woefully ineffective assistance resulting in an unfair trial – lack of due process." (Doc. 1 at 17). "While the prejudice inquiry should be a cumulative one as to the effect of all of the failures of counsel that meet the performance deficiency requirement, only the effect of counsel's actions or inactions that do meet that deficiency requirement are considered in determining prejudice." *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1269 (11th Cir. 2012). As to the previous claims, the Court finds no deficiency in counsel's performance, so there are no deficiencies to accumulate. *See United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011) ("Where there is no error or only a single error, there can be no cumulative error."). Alternatively, given the substantial evidence the government had amassed against Zimmerman, Zimmerman has not shown cumulative error. This claim is denied.

Allegations not specifically addressed herein are without merit.

### IV.    Certificate of Appealability

This Court should grant an application for a certificate of appealability only if

the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller–El v. Cockrell*, 537 U.S. 322, 337 (2003).

Zimmerman fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Zimmerman cannot show that jurists of reason would find this Court's procedural rulings debatable. Zimmerman fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Zimmerman a certificate of appealability.

## V.    Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.    The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2.    This case is **DISMISSED** with prejudice.

3.    Petitioner is **DENIED** a certificate of appealability.

4.    The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 5:19-cr-88-JA-PRL.

5.    The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 186) filed in criminal case number 5:19-cr-88-JA-PRL.

**DONE and ORDERED** on April 23, 2025.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

22